B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS<br>Deborah K. Ebner, Trustee | DEFENDANTS<br>Joseph Zivkovic, Deanna Zivkovic, I Dwell Chicago, LLC, and ZFH Construction LLC, |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>Ariane Holtschlag<br>105 W. Madison Suite 1500; Chicago, IL 60602<br>312-878-4830 | ATTORNEYS (If Known) |
| PARTY (Check One Box Only)<br>□ Debtor      □ U.S. Trustee/Bankruptcy Admin<br>□ Creditor    □ Other<br>■ Trustee | PARTY (Check One Box Only)<br>□ Debtor      □ U.S. Trustee/Bankruptcy Admin<br>□ Creditor    ■ Other<br>□ Trustee |

CAUSE OF ACTION (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Avoidance and Recovery of Transfers 11 U.S.C 544, 548, 550 and 740 ILCS 160/5, 6, and 8; Unlawful distribution 805 ILCS 180/25-30(a) and 25-35; and Breach of Fiduciary Duty

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☑ 13-Recovery of money/property - §548 fraudulent transfer
☑ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation
     (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☑ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ■ Check if this case involves a substantive issue of state law | □ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| □ Check if a jury trial is demanded in complaint | Demand $2,276,338.18 |
| Other Relief Sought | |

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>5035 N. Lincoln Avenue, LLC | BANKRUPTCY CASE NO.<br>21-07043 | |
| DISTRICT IN WHICH CASE IS PENDING<br>Northern District of Illinois | DIVISION OFFICE<br>Eastern | NAME OF JUDGE<br>Cassling |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | |
| PLAINTIFF | DEFENDANT | ADVERSARY<br>PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>/s/ Ariane Holtschlag | | |
| DATE<br>6/1/23 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Ariane Holtschlag | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>**5035 N. Lincoln Avenue, LLC**<br><br>Debtor | Chapter 7<br><br>Bankruptcy No. 21-07043<br><br>Honorable Donald R Cassling |
| **Deborah K Ebner**, as chapter 7 trustee for 5035 N. Lincoln Avenue, LLC,<br><br>Plaintiff,<br><br>v.<br><br>**Joseph Zivkovic**, **Deanna Zivkovic**, **I Dwell Chicago, LLC**, and **ZFH Construction LLC**,<br><br>Defendants. | Adversary No. 23-_____ |

## COMPLAINT

Joseph Zivkovic and Deanna Zivkovic used their control over the debtor, 5035 N. Lincoln Avenue, LLC (the "***Debtor***"), to divert $2,276,338.18 from the Debtor through transfers to themselves, other insiders, their other businesses, and others for the benefit of the Zivkovics or their other businesses. The Debtor got no value for these transfers, which it made while insolvent and with intent hinder, delay, and defraud its creditors including Redwood BPL Holdings 2, Inc., YL Chicago Fund, LLC, and numerous other of the Debtor's own contractors and vendors. Therefore, Deborah K. Ebner, chapter 7 trustee for the Debtor (the "***Trustee***"), seeks to avoid and recover those transfers for the estate's benefit.

## JURISDICTION AND VENUE

1.     This adversary proceeding arises in the chapter 7 bankruptcy case of 5035 N. Lincoln Avenue, LLC, pending before this Court as case number 21-07043.

2.     Pursuant to 28 U.S.C. § 1334(b), this Court has subject matter jurisdiction over this proceeding, which is referred here pursuant to 28 U.S.C. § 157(b) and Local Rule 40.3.1(a) of the United States District Court for the Northern District of Illinois.

3.     This is a core proceeding under 28 U.S.C. § 157(b)(2)(H), and this Court has constitutional authority to enter final judgments and orders herein. If a court determines that any portion of this proceeding is not a core proceeding or that a bankruptcy judge does not have constitutional authority to enter final judgments in this proceeding, the Trustee consents, pursuant to 28 U.S.C. § 157(c), to a bankruptcy judge hearing and finally determining the proceeding and entering appropriate orders and judgments.

4.     This Court is the proper venue for this adversary proceeding pursuant to 28 U.S.C. §§ 1408 and 1409.

## FACTS COMMON TO ALL COUNTS

5.     The debtor, 5035 N. Lincoln Avenue, LLC (the "***Debtor***"), is an Illinois limited liability company organized on or about July 3, 2019.

6.     After its formation, the Debtor's manager was Deanna Zivkovic.

7.     At all relevant times, Deanna Zivkovic was married to Joseph Zivkovic.

8.     Joseph Zivkovic identified himself as a manager of the Debtor and was a signatory on the Debtor's bank account.

9.     After its formation, the Debtor had four members each with a 25% ownership interest, namely: 5015 N. Lincoln Avenue, LLC; 5019 N. Lincoln Avenue, LLC; 5025 N. Lincoln Avenue, LLC; and 5029 N. Lincoln Avenue, LLC.

10.    5015 N. Lincoln Avenue, LLC was an Illinois limited liability company organized on or about June 3, 2019 and involuntarily dissolved on or about July 12,

—2—

2021. Its members were Joseph Zivkovic and Allport-Peoria, LLC. Its manager was Deanna Zivkovic.

11.   5019 N. Lincoln Avenue, LLC was an Illinois limited liability company organized on or about June 3, 2019 and involuntarily dissolved on or about July 12, 2021. Its members were Joseph Zivkovic and Allport-Peoria, LLC. Its manager was Deanna Zivkovic.

12.   5025 N. Lincoln Avenue, LLC was an Illinois limited liability company organized on or about June 3, 2019 and involuntarily dissolved on or about July 12, 2021. Its members were Joseph Zivkovic and Allport-Peoria, LLC. Its manager was Deanna Zivkovic.

13.   5029 N. Lincoln Avenue, LLC was an Illinois limited liability company organized on or about June 3, 2019 and involuntarily dissolved on or about July 12, 2021. Its members were Joseph Zivkovic and Allport-Peoria, LLC. Its manager was Deanna Zivkovic.

14.   Allport-Peoria, LLC was an Illinois limited liability company organized on or about August 1, 2013 and involuntarily dissolved on or about February 10, 2022. Its members were Patrick Farah and Justin Toti (deceased May 29, 2020), and, upon his death, his estate.

15.   The Debtor was in business to redevelop four parcels of real estate commonly known as 5035 N. Lincoln Avenue in Chicago, Illinois (the "***Development***").

16.   The Development involved the demolition of a strip mall. After the demolition was completed, the Debtor began construction on four multi-unit residential apartment buildings.

17.   On September 5, 2019, in order to fund the Development, the Debtor obtained a loan in the original principal amount of $9,761,904.00 from 5 Arch Funding Corp. Through subsequent assignments, the claim is currently held by Redwood BPL Holdings 2, Inc.

—3—

18.    Also on September 5, 2019, the Debtor obtained an additional loan in the principal amount of $1,300,000 from YL Chicago Fund, LLC.

19.    On or about October 1, 2019, Joseph Zivkovic, identifying himself as manager of each 5015 N. Lincoln Avenue, LLC; 5019 N. Lincoln Avenue, LLC; 5025 N. Lincoln Avenue, LLC; and 5029 N. Lincoln Avenue, LLC; executed agreements on behalf of each of those four entities with I Dwell Chicago, LLC for general contracting services relating to each parcel of real estate.

20.    The Debtor did not enter into any contract with I Dwell Chicago, LLC for general contracting services relating to the Development.

21.    I Dwell Chicago, LLC was an Illinois limited liability company organized on or about June 16, 2017, and involuntarily dissolved on or about December 9, 2022. Its sole member and manager is Deanna Zivkovic.

22.    ZFH Construction, LLC was an Illinois limited liability company organized on or about March 7, 2018, and involuntarily dissolved on or about September 9, 2022. Its manager is Deanna Zivkovic.

23.    As of June 2, 2020, construction of the 3-story brick and concrete structures for two of the buildings had been completed and the foundations for the two others had been poured.

24.    The Debtor ceased all activities in furtherance of the Development as of June 2, 2020.

25.    Thereafter, the Debtor failed to take necessary steps to maintain and protect the property and to complete the Development including maintaining proper insurance on the property, general maintenance and protection of the property including removal of graffiti and securing the perimeter, and winterizing the property in November 2020.

26.    Even before construction on the Property ceased, the Debtor had defaulted on its obligations to its creditors.

27.    The Debtor defaulted in its obligations to Redwood BPL Holdings 2, Inc. almost as soon as they were incurred by failing to obtain its consent to use the

property as security for a separate debt, as well as by failing to pay installments of principal and interest as due.

28.    As of July 21, 2020, the Debtor owed Redwood BPL Holdings 2, Inc. the outstanding principal balance of $5,368,748.00, exclusive of interest, fees, costs and other charges, including attorneys' fees.

29.    On August 26, 2020, Redwood BPL Holdings 2, Inc. filed its Verified Complaint for Foreclosure of Commercial Mortgage and Related Relief against the Debtor and others as case number 2020 CH 05560 in the Cook County Circuit Court, State of Illinois.

30.    The Debtor defaulted in its obligations to YL Chicago Fund, LLC by, among other defaults, failing to timely pay the amount of $800,000 in March 2020.

31.    On July 2, 2020, YL Chicago Fund, LLC filed its Verified Complaint for Confession of Judgment and Declaratory Relief against the Debtor and others in the United States District Court for the Northern District of Illinois. On July 10, 2020, the District Court entered an Order of Judgment by Confession in favor of YL Chicago Fund, LLC and against the Debtor, Joseph Zivkovic, 5015 N. Lincoln Avenue, LLC; 5019 N. Lincoln Avenue, LLC; 5025 N. Lincoln Avenue, LLC; 5029 N. Lincoln Avenue, LLC, and others for the sum of $2,742,307.00 plus late fees, attorney's fees and expenses and other reasonable costs of collection.

32.    An auction was conducted as part of post-judgment enforcement proceedings and on December 28, 2020, YL Lincoln 5035, LLC acquired all of the equity interests in the Debtor.

33.    On June 2, 2021, the Debtor, now owned by YL Lincoln 5035, LLC and managed by Patrick Farah and Yuval Lapidot, filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. On June 30, 2022, the case was converted to a proceeding under Chapter 7 of the Bankruptcy Code and thereafter Deborah K. Ebner was appointed as trustee for the Debtor's bankruptcy estate.

34.    The Debtor's books and records reflect that Joseph Zivkovic and Deanna Zivkovic directly and through entities owned or controlled by them, collectively

received hundreds of thousands of dollars from the Debtor and used those funds for personal purposes rather than for the Development.

35.     Between December 2019 and April 2020, the Debtor transferred $267,496.68 from its checking account x0302 held at JPMorgan Chase Bank, N.A. to checking account x1712 of Joseph and Deanna Zivkovic also held at JPMorgan Chase Bank, N.A.as follows:

  a.  $150,000.00 on 12/19/19;

  b.  $10,000.00 on 04/01/20;

  c.  $3,400.00 on 04/02/20;

  d.  $60,096.68 on 04/17/20;

  e.  $25,000.00 on 04/27/20;

  f.  $15,000.00 on 04/29/20; and

  g.  $4,000.00 on 04/30/20

36.     Between June 2020 and July 2020, the Debtor transferred an additional $46,895.82 from its account x0302 held at JPMorgan Chase Bank, N.A. to brokerage account x6914 of Joseph Zivkovic held at Robinhood as follows:

  a.  $10,000.00 on 06/26/20;

  b.  $5,000.00 on 06/26/20;

  c.  $5,000.00 on 06/26/20;

  d.  $92.00 on 06/26/20;

  e.  $25,000.00 on 06/30/20;

  f.  $138.71 on 07/16/20;

  g.  $8.00 on 07/17/20;

  h.  $7.11 on 07/17/20;

  i.  $1,000.00 on 07/20/20;

  j.  $238.00 on 07/20/20;

  k.  $50.00 on 07/20/20;

l.  $76.00 on 07/21/20;

m. $15.00 on 07/22/20;

n.  $12.00 on 07/22/20;

o.  $8.00 on 07/22/20;

p.  $5.00 on 07/22/20;

q.  $5.00 on 07/22/20;

r.  $32.00 on 07/24/20; and

s.  $209.00 on 07/26/20.

37.   Between January 2020 and June 2020, the Debtor transferred an additional $397,000 from its checking account x0302 held at JPMorgan Chase Bank, N.A. to checking account x2080 of I Dwell Chicago, LLC also held at JPMorgan Chase Bank, N.A.as follows:

a.  $12,000.00 on 01/06/20;

b.  $50,000.00 on 06/05/20; and

c.  $335,000.00 on 06/15/20.

38.   Between September 2019 and April 2020, the Debtor transferred an additional $245,239 from its checking account x0302 held at JPMorgan Chase Bank, N.A. to ZHF Construction LLC as follows:

a.  $25,000.00 on 09/26/19;

b.  $100,000.00 on 09/26/19;

c.  $13,500.00 on 09/26/19;

d.  $50,000.00 on 12/19/19;

e.  $25,000.00 on 12/19/19;

f.  $25,000.00 on 01/17/20;

g.  $1,250.00 on 03/02/20;

h.  $5,000.00 on 04/01/20; and

i.  $489.00 on 04/02/20.

4874-7109-3863, v. 4

39.   Each of the transfers was made via an online transfer to checking account x3396 of ZFH Construction LLC also held at JPMorgan Chase Bank, N.A. except for the December 19, 2019 transfer in the amount of $50,000 which was instead transferred to x3364 of ZFH Construction LLC also held at JPMorgan Chase Bank, N.A.

40.   Between December 2019 and June 2021, the Zivkovics caused the Debtor to transfer and additional $1,042,206.68 to others for their own benefit. These transfers are detailed on **Exhibit 1** attached hereto and incorporated herein by reference.

41.   During the course of this proceeding, the Trustee may learn (through discovery or otherwise) of additional obligations or transfers made to or for the benefit of the Defendants during the period for which obligations or transfers can be avoided. It is the Trustee's intention to avoid and recover all obligations and transfers the Debtor made that are avoidable under 11 U.S.C. §§ 544 and 548. The Trustee reserves her right to amend her complaint to include: (i) further information regarding the obligations and transfers; (ii) additional obligations and transfers; (iii) modifications of and/or revisions to any defendant's name; (iv) additional defendants; and/or (v) additional causes of action or legal theories, if applicable, (collectively, the "*Amendments*") that may become known to the Trustee at any time during this adversary proceeding, through formal discovery or otherwise, and for the Amendments to relate back to the date of the original complaint.

## COUNT 1 – AVOIDANCE AND RECOVERY OF CONSTRUCTIVE FRAUDULENT TRANSFERS
### 11 U.S.C. §§ 544(b)(1), 548(a)(1)(B), and 550(a), and 740 ILCS 160/5(a)(2), 6(a), and 8(a)

42.   The Trustee incorporates the previous allegations of this complaint as though fully set forth in this count.

43.   The Trustee pleads this count in the alternative to the extent the relief or the allegations contradict anything else contained in this complaint.

—8—

44.   Within two years of the Petition Date, the Debtor transferred a total of $314,392.50 directly to Joseph Zivkovic and Deanna Zivkovic.

45.   Within two years of the Petition Date, the Debtor transferred a total of $642,239.00 directly to the Zivkovics' other businesses, namely I Dwell Chicago, LLC and ZFH Construction LLC.

46.   Within two years of the Petition Date, the Debtor transferred a total of $1,042,206.68 to other parties for the benefit of the Zivkovics or their other businesses.

47.   All of these transfers were made by the Debtor under the direction and control of Joseph Zivkovic and Deanna Zivkovic.

48.   Upon receipt of the transfers, the recipients retained and used the funds for the benefit of the Zivkovics rather than the Debtor or the Development.

49.   The transfers were not made on account of an antecedent debt owed by the Debtor.

50.   The Debtor did not receive reasonably equivalent value in exchange for the transfers.

51.   The Debtor had no legal basis for making the transfers.

52.   The Debtor received nothing at all in return for making the transfers.

53.   The Debtor was insolvent at the time of the transfers.

54.   At the time of the transfers, the Debtor's assets were worth approximately $5,200,000 and the Debtor had liabilities of approximately $14,035,000.

55.   As described above, at the time of the transfers the Debtor was in default with its creditors.

**Wherefore**, the Trustee requests that this Court enter judgment in her favor and against Joseph Zivkovic, Deanna Zivkovic, I Dwell Chicago, LLC, and ZFH Construction LLC (a) avoiding the transfers, (b) entering a money judgment against Joseph Zivkovic and Deanna Zivkovic, jointly and severally, in the amount of $1,998,838.18, (c) entering a money judgment against I Dwell Chicago, LLC in the

—9—

amount of $397,000, (d) entering a money judgment against ZFH Construction LLC in the amount of $245,239, and (e) granting any additional relief that is appropriate under the circumstances.

## COUNT 2 – AVOIDANCE AND RECOVERY OF ACTUAL FRAUDULENT TRANSFERS
### 11 U.S.C. §§ 544(b)(1), 548(a)(1)(A), and 550(a)
### and 740 ILCS 160/5(a)(1) and 8(a)

56.    The Trustee incorporates the previous allegations of this complaint as though fully set forth in this count.

57.    The Trustee pleads this count in the alternative to the extent the relief or the allegations contradict anything else contained in this complaint.

58.    Within two years of the Petition Date, the Debtor transferred a total of $314,392.50 directly to Joseph Zivkovic and Deanna Zivkovic.

59.    Within two years of the Petition Date, the Debtor transferred a total of $642,239.00 directly to the Zivkovics' other businesses, namely I Dwell Chicago, LLC and ZFH Construction LLC.

60.    Within two years of the Petition Date, the Debtor transferred a total of $1,042,206.68 to other parties for the benefit of the Zivkovics or their other businesses.

61.    The transfers were made by the Debtor under the direction and control of Joseph Zivkovic and Deanna Zivkovic.

62.    Joseph Zivkovic, Deanna Zivkovic, I Dwell Chicago, LLC and ZFH Construction LLC were insiders of the Debtor.

63.    Upon receipt of the transfers, the recipients retained and used the funds for the benefit of the Zivkovics rather than the Debtor or the Development The transfers were not disclosed to the Debtor's creditors.

64.    The transfers were not made on account of an antecedent debt owed by the Debtor.

65.   The Debtor did not receive reasonably equivalent value in exchange for the transfers.

66.   The Debtor had no legal basis for making the transfers.

67.   The Debtor received nothing at all in return for making the transfers.

68.   The Debtor was insolvent at the time of the transfers.

69.   At the time of the transfers the Debtor's assets were worth approximately $5,200,000 and the Debtor had liabilities of approximately $14,035,000.

70.   As described above, at the time of the transfers the Debtor was in default with its creditors.

**Wherefore**, the Trustee requests that this Court enter judgment in her favor and against Joseph Zivkovic, Deanna Zivkovic, I Dwell Chicago, LLC, and ZFH Construction LLC (a) avoiding the transfers, (b) entering a money judgment against Joseph Zivkovic and Deanna Zivkovic, jointly and severally, in the amount of $1,998,838.18, (c) entering a money judgment against I Dwell Chicago, LLC in the amount of $397,000, (d) entering a money judgment against ZFH Construction LLC in the amount of $245,239, and (e) granting any additional relief that is appropriate under the circumstances.

### COUNT 3 – UNLAWFUL DISTRIBUTION
### 805 ILCS 180/25-30(a) and 25-35

71.   The Trustee incorporates the previous allegations of this complaint as though fully set forth in this count.

72.   The Trustee pleads this count in the alternative to the extent the relief or the allegations contradict anything else contained in this complaint.

73.   Section 25-30 of the Illinois Limited Liability Company Act, provides that Illinois LLC may not issue a distribution if:

> (1) the limited liability company would not be able to pay its debts as they become due in the ordinary course of business; or

4874-7109-3863, v. 4

> (2) the company's total assets would be less than the sum
> of its total liabilities plus the amount that would be
> needed, if the company were to be dissolved, wound up,
> and terminated at the time of the distribution, to satisfy
> the preferential rights upon dissolution, winding up, and
> termination of members whose preferential rights are
> superior to those receiving the distribution.

805 Ill. Comp. Stat. Ann. 180/25-30. Section 25-35 of the Illinois LLC Act further provides that any member or manager who consents to a distribution in violation of Section 25-30 is personally liable to the company for the amount of that distribution.

74.    As detailed above and on **Exhibit 2**, between December 2019 and July 2020, Joseph Zivkovic and Deanna Zivkovic used their control over the Debtor to divert $2,276,338.18 to themselves, other insiders, other of their businesses, and others for the benefit of Joseph Zivkovic and Deanna Zivkovic.

75.    All of these transfers were made by the Debtor under the direction and control of Joseph Zivkovic and Deanna Zivkovic.

76.    Upon receipt of the transfers, the recipients retained and used the funds for the benefit of the Zivkovics rather than the Debtor or the Development.

77.    The Debtor was insolvent at the time of the transfers.

78.    At the time of the transfers, the Debtor was not paying its debts as they came due.

79.    At the time of the transfers, the Debtor's assets were worth approximately $5,200,000 and the Debtor had liabilities of approximately $14,035,000.

**Wherefore**, the Trustee requests that this Court enter judgment in her favor and against Joseph Zivkovic and Deanna Zivkovic, jointly and severally, in the amount of $2,276,338.18, and (c) granting any additional relief that is appropriate under the circumstances.

—12—

## COUNT 4 – BREACH OF FIDUCIARY DUTY

80.    The Trustee incorporates the previous allegations of this complaint as though fully set forth in this count.

81.    The Trustee pleads this count in the alternative to the extent the relief or the allegations contradict anything else contained in this complaint.

82.    At the time of the transfers, Joseph Zivkovic and Deanna Zivkovic owed fiduciary duties to the Debtor and its members.

83.    At the time of the transfers, Joseph Zivkovic and Deanna Zivkovic owed fiduciary duties to the Debtor's creditors.

84.    As fiduciaries, Joseph Zivkovic and Deanna Zivkovic had a duty to preserve the Debtor's assets so that the Debtor would be able to pay the amounts owed to its creditors.

85.    As fiduciaries, Joseph Zivkovic and Deanna Zivkovic had a duty to refrain from using the Debtor's assets for their own benefit or for the benefit of family members or other insiders.

86.    Joseph Zivkovic and Deanna Zivkovic breached their fiduciary duties by using their control over the Debtor to divert $2,276,338.18 of the Debtor's funds, as detailed on **Exhibit 2**, to themselves, other insiders, other of their businesses, and others for their own benefit.

87.    Joseph Zivkovic and Deanna Zivkovic breached their fiduciary duties by not preserving the Debtor's assets so that the Debtor would be able to pay its non-insider creditors.

88.    Joseph Zivkovic and Deanna Zivkovic breached their fiduciary duties by causing the Debtor to transfer $2,276,338.18 of the Debtor's funds as detailed on **Exhibit 2** to themselves, other insiders, other of their businesses, and others for their own benefit with actual intend to hinder, delay and defraud the Debtor's other creditors.

**Wherefore**, the Trustee requests that this Court enter judgment in her favor and against Joseph Zivkovic and Deanna Zivkovic, jointly and severally, in the

4874-7109-3863, v. 4

amount of $2,276,338.18, and (c) granting any additional relief that is appropriate under the circumstances.

Dated: June 1, 2023

Respectfully submitted,

**Deborah K. Ebner**, as chapter 7 trustee for 5035 N. Lincoln Avenue, LLC

By: /s/ Ariane Holtschlag
One of Her Attorneys

Ariane Holtschlag (6294327)
Jeffrey K. Paulsen (6300528)
**FACTORLAW**
105 W. Madison Street, Suite 1500
Chicago, IL 60602
Tel:     (312) 878-4830
Fax:     (847) 574-8233
E-mail: aholtschlag@wfactorlaw.com
          jpaulsen@wfactorlaw.com

—14—

4874-7109-3863, v. 4